Filed 2/6/24  P. v. Adame CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PETE JIMMY ADAME, JR.,<br><br>    Defendant and Appellant. | E080148<br><br>(Super.Ct.No. CR22247)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Thomas E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Alan Amann and Minh U. Le, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Pete Jimmy Adame, Jr., filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied. On appeal, defendant contends the court erred in denying his petition. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On or about August 27, 1983, while a group of people were standing on a street corner, defendant grabbed a gun from a friend and fired it at the first victim. Three or four bullets hit the first victim. His wounds were nonfatal. (*Adame*, *supra*, E001863.)

The second victim asked defendant why he had shot the first victim. Defendant then fired three rounds at the second victim. The second victim sustained three wounds, one of which was fatal. (*Adame*, *supra*, E001863.)

A jury convicted defendant of the second degree murder of the second victim (§ 187, count 1) and found true an allegation that he used a gun in his commission of the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] The People filed a request that we take judicial notice of the jury instructions given at defendant's trial, which we granted. We also take judicial notice of this court's nonpublished opinion from defendant's appeal from the judgment. (*People v. Adame* (Sep. 11, 1986, E001863).) Although we recount the facts as recited in *Adame*, we are cognizant that Assembly Bill No. 200 limited the use of prior appellate opinions by trial judges ruling on section 1172.6 petitions to " 'the procedural history of the case recited.' [Citation.]" (*People v. Clements* (2022) 75 Cal.App.5th 276, 292; accord *People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

murder.[3] (§ 12022.5).  The court sentenced defendant to an indeterminate term of 17 years to life in prison.  (*Adame*, *supra*, E001863.)

Defendant appealed.  This court affirmed the judgment.  (*Adame*, *supra*, E001863.)

On June 21, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95, in which he contended he could not currently be convicted of murder.  Defendant attached to his petition a copy of the abstract of judgment.

At a hearing on November 4, 2022, the People moved the court to deny the petition:  "We received the Attorney General file [containing] the opinion, and the instructions were sent to" defense counsel.  "None of the applicable instructions . . . [including] natural and probable consequences o[r] felony murder were given at the defendant's trial.  The defendant was a sole shooter and therefore [in]eligible.  So the petition should be denied."

The court asked if defense counsel concurred.  Defense counsel responded, "I have confirmed everything that was just said.  I'll submit."  The court denied the petition.

## II.  DISCUSSION

Defendant contends the court erred in denying his petition.  Specifically, defendant maintains he was deprived of procedural due process because the court denied the petition based solely on the People's representations, without reviewing the actual record of conviction itself.  Defendant complains the court erred in failing to take

---

[3] The People did not charge defendant with the shooting of the first victim. (*Adame*, *supra*, E001863.)

3

defendant's assertions in the petition as true, failing to require the People to file a response, failing to review the record of conviction in rendering its decision, failing to require the People to meet their evidentiary burden of proving defendant was ineligible for the relief requested as a matter of law, permitting defense counsel to effectively stipulate to defendant's ineligibility, and failing to articulate its reasons for denying the petition.  We affirm.

"Effective January 1, 2019, the Legislature passed Senate Bill [No.] 1437 [(Sen. Bill 1437) (2017-2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.'  (Stats 2018, ch. 1015, § 1, subd. (f).)  In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added [former] section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief."  (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)[4]

"Pursuant to [former] section 1170.95, an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed

---

**4**  The Legislature amended former section 1170.95 with Senate Bill No. 775 (2021-2022 Reg. Sess.) partially to extend relief more broadly to those convicted in cases in which malice was imputed to a person based solely on that person's participation in a crime.  (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)  (*People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;]  [¶]  [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'  [Citations.]  Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.'  (§ 1170.95, subd. (b)(1)(C).)  If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.' "  (*Lewis*, *supra*, 11 Cal.5th at pp. 959-960.)

"Where the petition complies with [former section 1170.95,] subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief."  (*Lewis*, *supra*, 11 Cal.5th at p. 960.)  "[O]nly *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' "  (*Lewis*, *supra*, 11 Cal.5th at p. 957.)

A court may rely on the record of conviction in determining whether a prima facie showing has been made.  (*Lewis*, *supra*, 11 Cal.5th at p. 972.)  "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section

1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.)

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at p. 972.) "In sum, the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief under [former section 1170.95,] subdivision (c)." (*Ibid*., fn. omitted.)

"[T]he prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citation] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

A denial of a section 1172.6 petition at the prima facie " ' "stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as

a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo." ' [Citation.]" (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

Where "the record of conviction does not conclusively negate the possibility that the jury found" the defendant guilty under a theory that imputed malice to him by the actions of the actual perpetrator, "an evidentiary hearing is required." (*People v. Langi* (2022) 73 Cal.App.5th 972, 984 (*Langi*).) On the other hand, where the record of conviction reflects that the defendant was not convicted under any theory of imputed malice, no evidentiary hearing is required. (*People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670 ["As the sole and actual perpetrator of the attempted murder of" the victim, a defendant "is ineligible for resentencing as a matter of law."]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review dism. Nov. 17, 2021, S263939, ["[T]he jury instructions themselves demonstrate[d] as a matter of law that [the defendant] could not make a prima facie showing that he is entitled to relief."]; *People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867 [Petition properly denied where jury verdicts necessarily show defendant was convicted under provocative act theory.]; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677, review dism. Dec. 1, 2021, S266336 [Defendant could not make prima facie showing because the jury instructions reflected the defendant was per se ineligible for relief.].)

Here, as the People note, the judicially noticed records reflect that the court did not instruct on, and the jury therefore did not find defendant guilty of, murder under any theory of imputed malice. The court gave no instructions on felony murder, the natural

7

and probable consequences doctrine, aiding and abetting, or any other theory in which malice could have been imputed to defendant based on his participation in another crime. The jury instructions do not identify any underlying target offense. Thus, defendant is per se ineligible for resentencing.

Defendant fails to dispute that the jury did not find him guilty under a theory of imputed malice. Rather, he contests the propriety of our taking judicial notice of the jury instructions because he maintains our review should be constrained by the record reviewed by the trial court. He contends we should hold any error to be structural, requiring per se reversal. We disagree.

Where the court errs in its handling of a section 1172.6 petition, we apply the *Watson* standard of harmless error analysis, i.e., whether it is " 'reasonably probable that a result more favorable to [defendant] would have been reached in the absence of the error.' [Citation.]" (*People v. Oliver* (2023) 90 Cal.App.5th 466, 489, fn. 8, quoting *People v. Watson* (1956) 46 Cal.2d 818; accord *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892-893.)

" ' "[W]e will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court. [Citation.] There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct." ' " (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144.) Where "there is simply no evidence that could support a favorable finding for [defendant], then any legal error in the court's reasoning or basis for its decision quite obviously is harmless." (*In re J.R.* (2022) 82 Cal.App.5th 526, 533-

534, fn. omitted [affirming where remand due to legal error would be pointless because there were no factual issues to resolve that would result in a decision favorable to the defendant].)  Courts refuse requests for remand where the remedy would be "worse than pointless:  remands would force people to expend resources but sentences would not change.  There would be cost but no benefit."  (*People v. Venegas* (2020) 44 Cal.App.5th 32, 42; see *People v. Schaffer* (2020) 53 Cal.App.5th 500, 506 [pointless to remand where defendant would be unable to gain any effective relief].)

To be certain, the better manner of proceeding below on such matters would be for the People to move into evidence, or request that the court take judicial notice of, the records that establish a defendant's legal ineligibility.  We agree the court should have made clear its reasons for denying the petition and upon what records it was basing its ruling.

Here, however, defendant fails to identify any prejudice he suffered due to the procedural errors he identifies.  Reversal and remand would be an idle act because, as noted *ante*, defendant is per se ineligible for relief.  We will not engage in the futile act of remanding the matter.  (*People v. Jefferson* (2019) 38 Cal.App.5th 399, 409 ["[R]emand is not appropriate when it would be an idle act."]; *People v. Tuggles* (2009) 179 Cal.App.4th 339, 388 ["Here, remand 'would be a useless and futile act and would be of no benefit to appellant[s].'  [Citation.]"].)

9

## III.  DISPOSITION

The court's order denying the petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

10